# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL H. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-01419 RHH |
| DISTRICT COURT JUDGE DORR, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the civil rights complaint filed by self-represented plaintiff Samuel H. Williams on October 22, 2024. [ECF No. 1]. Plaintiff has neither paid the court filing fee nor filed a motion to proceed in forma pauperis in this matter. For the reasons discussed below, the Court will give plaintiff thirty (30) days to pay the $405 filing fee in this matter or this case will be dismissed without prejudice.

## Legal Standards

Plaintiff is a prisoner subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*. A plaintiff must plead "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury;" conclusory assertions of ongoing danger are insufficient. *Martin*, 319 F.3d at 1050.

## Discussion

Review of this Court's files reveals that plaintiff has accumulated three strikes.[1] *See also Williams v. Dorr*, No. 4:22-CV-00283 NCC (E.D. Mo. filed March 9, 2022) (dismissed March 9, 2022, for three strikes under 28 U.S.C. § 1915(g)). Therefore, this Court would be unable to permit plaintiff to proceed in forma pauperis in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the instant complaint, plaintiff sues two District Court Judges in the United States District Court for the Western District of Missouri, three Appellate Court Judges from the Eighth Circuit Court of Appeals and the former Clerk of the Eighth Circuit Court of Appeals, Michael Gans. Plaintiff asserts that he has been denied access to the Courts by defendants and "equal protection of the laws." He states that he wishes to address his alleged wrongful conviction for assault and armed criminal action in Greene County, Missouri in 2009. He seeks to "free [himself]

---

[1]*See Williams v. Russell,* No. 4:11-cv-611-RWS (E.D. Mo. 2011); *Williams v. Russell,* No. 4:11-cv-1590-RWS (E.D. Mo. 2011); *Williams v. Sauble,* No. 2:08-CV-4218-NKL (W.D. Mo. 2008).

from unconstitutional imprisonment" and he also asks for monetary damages in an amount in excess of $750,000.

There are no allegations in the pleadings that would support a finding that plaintiff was under imminent danger of serious physical injury at the time he filed the complaint. Furthermore, there is no evidence of any ongoing serious physical injury or any pattern of misconduct.[2]

## Conclusion

As such, it would be futile to allow plaintiff the opportunity to file a motion for leave to proceed in forma pauperis in this case, because the Court would be unable to grant it, given that Plaintiff has three strikes. The Court will therefore direct plaintiff to pay the $405 filing fee if he would like this case to proceed. Without payment of the filing fee, the Court must dismiss this action without prejudice. *See Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012) ("If a prisoner is ineligible to proceed under § 1915, then he may still file an action or appeal, but he must pay the full filing fee up front or suffer dismissal").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must pay the $405 filing fee within **thirty (30) days** of the date of this Order.

---

[2] To the extent plaintiff is seeking relief pursuant to habeas corpus, 28 U.S.C. § 2254, the Court notes that this is the improper venue for bringing such an action. Plaintiff was convicted in Greene County, Missouri, *State of Missouri v. Williams*, No. 31307CF7018 (31st Jud. Cir. 2009), which falls within the venue of the Western District of Missouri. 28 U.S.C. 105(b). Plaintiff previously filed several habeas actions, both in this Court and in the Western District of Missouri, challenging the Greene County conviction and sentence. *See Williams v. Blair*, No. 6:20-cv-03413-DGK-P (transferred from the Eastern District to the Western District and case dismissed as successive); *Williams v. Russell*, No. 6:13-cv-03435-DGK-P (transferred from the Eastern District to the Western District and case dismissed as having been untimely filed); *Williams v. Russell*, No. 6:15-cv-03287-DGK-P (transferred from the Eastern District to the Western District and dismissed as successive); *Williams v. Steele*, No. 6:17-cv-03213-DGK-P (transferred from the Eastern District to the Western District and dismissed as successive); *Williams v. Blair*, No. 4:21-cv-00314 DGK-P (transferred from the Eastern District to the Western District and dismissed as successive). Appeals of these judgments were affirmed by the United States Court of Appeals for the Eighth Circuit. Pursuant to 28 U.S.C. § 2244(b)(3)(A).

**IT IS FURTHER ORDERED** that plaintiff's failure to timely comply with this Order will result in the dismissal of this action, without prejudice and without further notice.

Dated this 28th day of October, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE