UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL H. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-01419 RHH |
| ) | |
| DISTRICT COURT JUDGE DORR, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is self-represented prisoner Samuel Williams's civil complaint, filed pursuant to 42 U.S.C. § 1983 against several District Court and Circuit Court Judges and former Circuit Court Clerk Michael Gans. [ECF No. 1]. The Court has reviewed the complaint as required by 28 U.S.C. § 1915A and will dismiss it without further proceedings.[1] The Court will also deny, as moot, plaintiff's motion for appointment of counsel. [ECF No. 2].

**Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915A(a), this Court "shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." This Court is required to dismiss the complaint or any portion thereof if, among other reasons, it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not

---

[1] Plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g); therefore, the Court is unable to allow him to proceed in forma pauperis. He was ordered to pay the full $405 filing fee in this matter on October 28, 2024. [ECF No. 4]. Plaintiff paid the full filing fee on November 18, 2024. [ECF No. 5].

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To plead a facially plausible claim to relief, a plaintiff must plead facts that allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that show the "mere possibility of misconduct" are insufficient. *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

District courts must liberally construe pro se pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That means that "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

2

## The Complaint

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against two District Court Judges in the United States District Court for the Western District of Missouri (the Honorable Judge Dorr Richard Dorr and the Honorable Greg Kays), three Appellate Court Judges from the Eighth Circuit Court of Appeals (the Honorable Judges Shepherd, Erickson and Stras) and the former Clerk of the Eighth Circuit Court of Appeals, Michael Gans. He asserts that he has been denied access to the Courts by defendants and "equal protection of the laws."

Plaintiff states that he wishes to address his alleged wrongful conviction for assault and armed criminal action in Greene County, Missouri in 2009.[2] He appears to take umbrage with the failure of the named judges to overturn his conviction in his cases before the Western District of Missouri and the Eighth Circuit Court of Appeals. He states that he wishes to "free [himself] from unconstitutional imprisonment" and asks for monetary damages in an amount in excess of $750,000.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state

---

[2] Plaintiff was convicted in Greene County, Missouri. *See State of Missouri v. Williams*, No. 31307CF7018 (31st Jud. Cir. 2009). To the extent he seeks to overturn his conviction, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). To the extent plaintiff seeks to assert claims against defendants that relate to allegations that are more than five years in the past, his claims are barred by the statute of limitations under § 1983. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005).

law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court first addresses plaintiff's claims against the judge defendants.

Plaintiff's case is subject to dismissal because the judges are entitled to absolute judicial immunity. The doctrine of judicial immunity applies to plaintiff's allegations against the judges because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, and judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Moreover, former Clerk of Court Michael Gans is also immune from liability as to plaintiff's lawsuit. Courts are mindful of "the danger that disappointed litigants blocked by the doctrine of absolute immunity from suing the judges directly, will vent this wrath on clerks, court reporters, and other judicial adjuncts . . . ." *Kincaid v. Vail*, 9969 F.2d 594, 601 (7th Cir. 1992). Through the doctrine of absolute quasi-judicial immunity, courts have extended the protections of judicial immunity to court clerks under certain circumstances. *See Johnson v. Clark*, 2021 WL 4312744, *4 (E.D. Mo. Sept. 22, 2021). Court clerks "are absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule." *Id.* (quoting *Smith v. Finch*, 324 F. Supp. 3d 1012, 1024 (E.D. Mo. 2018)). Although it is

4

unclear from plaintiff's pleading exactly what he believes Gans did to violate his rights,[3] Gans is entitled to quasi-judicial immunity for all acts taken at the direction of the Eighth Circuit Judges or for acts that were "integral parts of the criminal judicial process"). *See Boyer v. Cty. of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) *cert. denied. sub nom. Boyer v. DeClue*, 508 U.S. 974, (1993); *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) (clerk entitled to quasi-judicial immunity for issuing an arrest warrant at the direction of a judge).

For all of the foregoing reasons, the Court finds that the complaint fails to state a claim upon which relief may be granted, and dismisses this action, without prejudice, pursuant to 28 U.S.C. § 1915A(b). This action is being dismissed, and plaintiff's request for appointment of counsel is denied as moot. Finally, the Court declines to exercise supplemental jurisdiction over any state law claims plaintiff can be understood to assert. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that to the extent that plaintiff's complaint contains any additional state law claims that have not been dismissed in this Memorandum and Order, the Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

---

[3]Plaintiff states in a conclusory manner that he believes Gans has been working with the judges of the Eighth Circuit Court of Appeals to deny him access to the courts.

5

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 10th day of January, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

6